**Philip J. BERG, Esquire, Appellant**

v.

**Barack Hussein OBAMA, a/k/a Barry Soetoro, a/k/a Barry Obama, a/k/a Barack Dunham, a/k/a Barry Dunham; The Democratic National Committee; The Federal Election Commission; The Secretary of the Commonwealth, Pennsylvania Department of State; Pedro A. Cortés, Secretary of the Commonwealth in**

his official capacity; Dianne Feinstein, Chairman of the U.S. Senate, Commission on Rules and Administration in her official capacity; U.S. Senate, Commission on Rules and Administration; and Does 1–50 Inclusive.

No. 08–4340.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 26, 2009.

Filed: Nov. 12, 2009.

Philip J. Berg, Lafayette Hill, PA, Attorney Pro Se.

John P. Lavelle, Jr., Morgan, Lewis & Bockius LLP, Philadelphia, PA, Of counsel, Robert F. Bauer, Perkins Coie LLP, Joseph E. Sandler, Sandler, Reiff & Young, P.C., Washington, D.C., Attorneys for Democratic National Committee and Barack Obama.

Thomasenia P. Duncan, General Counsel, David Kolker, Associate General Counsel, Kevin Deeley, Assistant General Counsel, Steve N. Hajjar, Attorney, Federal Election Commission, Washington, D.C., Attorneys for Federal Election Commission.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

## OPINION OF THE COURT

SLOVITER, Circuit Judge.

Philip Berg, a lawyer acting pro se, filed this action challenging Barack Obama's eligibility to run for and serve as President of the United States. The District Court dismissed Berg's action on the grounds that he lacks standing and failed to state a cognizable claim.

### I.

Before the 2008 presidential election, Berg sued then-Presidential candidate Barack Obama, the Democratic National Committee, and the Federal Election Commission, among others, alleging that Obama was ineligible to run for and serve as President because he was born in Kenya and therefore is not a "natural born citizen" within the meaning of Article II, Section 1, Clause 4 of the United States Constitution.[1] Berg sought, in relevant part, a declaratory judgment that Obama was ineligible, an injunction barring Obama from running for that office, and an injunction barring the Democratic National Committee from nominating him.

Although Berg brought a grab-bag of claims before the District Court, he appeals only the dismissal of those brought under the Natural Born Citizen Clause of

---

1. That clause states, "No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President...." U.S. Const., art. II, § 1, cl. 4.

the Constitution and 42 U.S.C. § 1983.[2] The District Court—assuming the factual allegations made by Berg to be true for the purposes of the Defendants' motion to dismiss those claims—dismissed the first claim because "[t]he alleged harm to voters [like Berg] stemming from a presidential candidate's failure to satisfy the eligibility requirement[s] of the Natural Born Citizen Clause is not concrete or particularized enough to ... satisfy Article III standing," App. at 15, and dismissed the § 1983 claim because the "Natural Born Citizen Clause does not confer an individual right on citizens or voters," App. at 23.

Berg filed a notice of appeal and moved this court for an "emergency" injunction to stay the presidential election of November 4, 2008 pending resolution of that appeal. We declined to stay the election, noting that it appeared that Berg lacked standing and thus failed to show a likelihood of success on the merits.[3]

Obama won the election and Berg subsequently made another "emergency" motion, asking this court to issue an order prohibiting the certification of electors by the governors of each state, to stay the members of the Electoral College from casting their votes for Obama, and to stay the counting of electoral votes in Congress. We also denied that motion, reiterating Berg's apparent lack of standing and also stating that Berg's lawsuit seemed to present a non-justiciable political question.

The electoral votes have since been cast without objection to Obama's qualifications by any members of Congress, and Obama was inaugurated. Berg nonetheless persists in this litigation.

## II.

■■■ We have jurisdiction to consider this appeal under 28 U.S.C. § 1291. Our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir.2006) (citation omitted). Because the Defendants' challenge to subject matter jurisdiction was a "facial" one, we will accept the allegations in the complaint as true. *Id.* It is Berg's burden to establish his standing. *FOCUS v. Allegheny County Court of Common Pleas*, 75 F.3d 834, 838 (3d Cir.1996).

■■■ We note that most of Berg's arguments on appeal were not made before the District Court and rest on facts that did not exist when his complaint was filed, i.e., Obama's election and the casting of the electoral votes without objection. Ordinarily, we would not reach such arguments. *See United States v. Anthony Dell'Aquilla, Enters. & Subsidiaries*, 150 F.3d 329, 335 (3d Cir.1998) ("[A]bsent exceptional circumstances, an issue not raised in district court will not be heard on appeal.") (citation omitted); *Lujan v. De-*

---

2. In the "Issues Presented" section of Berg's brief, issue nine is whether the District Court erred in "dismissing [Berg's] claims under Promissory Estoppel [by holding that] the DNC ... and Obama's promise[s] to uphold the United States Constitution are simply statements of principle and intent in the political realm and are not enforceable promises[.]" Appellant's Br. at 3. Berg does not mention his promissory estoppel theory again, let alone explain why the District Court's holding was in error. In any event, the District Court was certainly correct that "[f]ederal courts ... are not and cannot be in the

business of enforcing political rhetoric." App. at 35.

3. On the day that we denied Berg's motion, he petitioned the Supreme Court for certiorari and applied to Justice Souter, who was at the time the Circuit Justice for the Third Circuit, for an injunction to stay the November 2008 election. The Supreme Court denied the petition for certiorari and Justice Souter denied the application for an injunction.

*fenders of Wildlife*, 504 U.S. 555, 571 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) ("The existence of federal jurisdiction ordinarily depends on the facts *as they exist when the complaint is filed.*" (quoting *Newman–Green, Inc. v. Alfonzo–Larrain*, 490 U.S. 826, 830, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989))). In light of the public's interest in the final resolution of this case—which is one of a series of cases brought challenging the qualifications of the 2008 presidential candidates from both of the major political parties [4]—and the obvious lack of any merit in Berg's contentions, we will exercise our discretion and address them to put some finality to the dispute.

■ In sum, we agree with the District Court that Berg lacks standing to bring this suit because he has suffered no injury particularized to him. A prerequisite of standing is that the litigant has suffered or will suffer an injury in fact that is caused by the complained-of conduct by a defendant and that can be redressed by the court. *Taliaferro*, 458 F.3d at 188. An "injury in fact" is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (internal citations and quotations omitted). "[W]hen the asserted harm is a 'generalized grievance' shared in substantially equal measure by all or a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction." *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) (citation omitted).

■ We consider first the District Court's holding that Berg's status as a voter did not provide him standing to challenge Obama's candidacy.[5] The District Court held that "a candidate's ineligibility under the Natural Born Citizen Clause does not result in an injury in fact to voters." App. at 19. Berg specifies no error in the District Court's reasoning. Instead, he merely asserts, generally, that he was somehow harmed by each state having "plac[ed] [Obama] on the ballot when there were substantial questions concerning his citizenship status. . . ." Appellant's Br. at 17.

■ Berg's worry that Obama, if elected, might someday be removed from office was not an injury cognizable in a federal court because it was based on speculation and was contingent on future events. As a practical matter, Berg was not directly injured because he could always support a candidate he believed was eligible. *See Becker v. Fed. Election Comm'n*, 230 F.3d 381, 390 (1st Cir.2000) (no cognizable injury to voters when they can still cast for preferred candidate), *cert. denied*, 532 U.S. 1007, 121 S.Ct. 1733, 149 L.Ed.2d 658 (2001); *Gottlieb v. Fed. Election Comm.'n*, 143 F.3d 618, 622 (D.C.Cir.1998) (no harm to voters who could support the candidate of their choice); *Hollander*, 566 F.Supp.2d at 68; *cf. Gottlieb*, 143 F.3d at 621 (injury

4. *See, e.g., Hollister v. Soetoro*, 601 F.Supp.2d 179, 181 (D.D.C.2009) (dismissing challenge to Obama's eligibility); *Cohen v. Obama*, No. 08–2150, 2008 WL 5191864, at *1 (D.D.C. 2008) (dismissing challenge to Obama's eligibility), *aff'd*, 2009 WL 2870668 (D.C.Cir.2009) (summary affirmance); *Hollander v. McCain*, 566 F.Supp.2d 63, 68 (D.N.H.2008) (dismissing challenge to Senator John McCain's eligibility); *Robinson v. Bowen*, 567 F.Supp.2d 1144, 1147 (N.D.Cal.2008) (dismissing challenge to McCain's qualifications). These

cases have been denominated by the press as "birther" cases.

5. Although the defendants argue that this point is moot because the election is over, we consider the issue because "[t]his controversy, like most election cases, fits squarely within the 'capable of repetition yet evading review' exception to the mootness doctrine." *Merle v. United States*, 351 F.3d 92, 94 (3d Cir.2003).

to voters' ability to influence the political process too speculative for purposes of standing).

Berg's wish that the Democratic primary voters had chosen a different presidential candidate, and his dissatisfaction that they apparently did not credit the evidence he tendered, do not state a legal harm. Similarly, Berg's angst that the presence on the ballot of an ineligible candidate might lessen the chances that an eligible candidate might win was a noncognizable derivative harm. *See Crist v. Comm.'n on Pres. Debates*, 262 F.3d 193, 195 (2d Cir.2001) (agreeing that "a voter fails to present an injury-in-fact when the alleged harm ... is only derivative of a harm experienced by a candidate."); *Becker*, 230 F.3d at 390; *Gottlieb*, 143 F.3d at 622.

Even if we assume that the placement of an ineligible candidate on the presidential ballot harmed Berg, that injury, including any frustration Berg felt because others refused to act on his view of the law, was too general for the purposes of Article III: Berg shared both his "interest in proper application of the Constitution and laws," and the objective uncertainty of Obama's possible removal, *pari passu* with all voters; and the relief he sought would have "no more directly and tangibly benefit[ed] him than ... the public at large." *Lujan*, 504 U.S. at 573–74, 112 S.Ct. 2130; *see also Crist*, 262 F.3d at 195; *Becker*, 230 F.3d at 389–90; *Gottlieb*, 143 F.3d at 622; *Hollander*, 566 F.Supp.2d at 68 (dismissing voter's suit alleging that Senator McCain was ineligible to be President under the Natural Born Citizen Clause); *Jones v. Bush*, 122 F.Supp.2d 713 (N.D.Tex.2000) (dismissing voter's suit alleging that the Twelfth Amendment barred electors from voting for President George Walker Bush and Vice President Cheney), *aff'd*, *Jones v. Bush*, 244 F.3d 134

(5th Cir.2000) (summary affirmance), *cert. denied*, 531 U.S. 1062, 121 S.Ct. 749, 148 L.Ed.2d 652 (2001); *cf. Cohen*, 2008 WL 5191864 at *1 (dismissing citizen challenge to Obama's eligibility); *Robinson*, 567 F.Supp.2d at 1146–47 (dismissing elector's suit challenging McCain's eligibility).

Now that the election is over, Berg's stake in the legitimacy of Obama's presidency is shared by an even greater number of people, i.e., all 300 million-plus U.S. citizens, whether voters or not. *Lujan*, 504 U.S. at 573–74, 112 S.Ct. 2130; *see Lance v. Coffman*, 549 U.S. 437, 441–42, 127 S.Ct. 1194, 167 L.Ed.2d 29 (2007) (Colorado voters lacked standing to assert that a provision of the Colorado Constitution violated the Elections Clause of the United States Constitution); *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 222, 94 S.Ct. 2925, 41 L.Ed.2d 706 (1974) (citizens lacked standing to litigate under the Incompatibility Clause the eligibility of members of Congress to serve simultaneously in the military reserves); *Ex parte Levitt*, 302 U.S. 633, 58 S.Ct. 1, 82 L.Ed. 493 (1937) (per curiam) (private individual lacked standing to invoke judicial power to determine validity of Justice Black's appointment to the Supreme Court).

The essence of Berg's complaint is that the defendants, the states, presidential candidates other than Obama, political parties, a majority of American voters, and Congress—a list that includes some who could have challenged, or could still challenge, Obama's eligibility through various means—have not been persuaded by his claim. That grievance, too, is not one "appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990).

Berg also argues that he has standing "under the Tenth Amendment because the power to determine the qualifica-

tions of the President-elect is left to the states and the people after the Congressmen and Senators failed to object to the counting of the electoral votes" pursuant to 3 U.S.C. § 15—a statute that provides a mechanism for members of Congress to object to electoral votes after they are cast. Appellant's Br. at 18. The Tenth Amendment states: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. That clause has no apparent relevance to this case and Berg's citation to *Gregory v. Ashcroft*, 501 U.S. 452, 111 S.Ct. 2395, 115 L.Ed.2d 410 (1991), is not helpful.

In *Gregory*, the Supreme Court upheld a state's ability to determine the qualifications for its state judiciary. *Id.* at 455–56, 111 S.Ct. 2395. The plaintiffs were state court judges who alleged that the section of the Missouri Constitution mandating that they retire at the age of seventy violated the Age Discrimination in Employment Act of 1967 and the Equal Protection Clause of the Fourteenth Amendment. *Id.* at 456, 111 S.Ct. 2395. The *Gregory* opinion does not mention the word "standing," and Berg's citation to it is inapposite.

Berg also cites to *Robinson*, 567 F.Supp.2d at 1147, for the proposition that he should be granted "automatic standing." Appellant's Br. at 2. The reference is baffling. The district court in *Robinson* held that an elector pledged to Alan Keyes lacked standing to bring a suit challenging Senator McCain's qualifications under the Natural Born Citizen Clause. *Id.* at 1146–47. Berg cites to the following language of that opinion: "Judicial review [of the claim]-if any-should occur only after the electoral and Congressional processes have run their course." *Id.* at 1147. Berg incorrectly takes that to mean that he can bring suit after members of Congress have

declined to object pursuant to 3 U.S.C. § 15. It means no such thing. The language is part of an alternative holding made in anticipation of the "plaintiff's standing-cure suggestion that the American Independent Party ... be allowed to intervene." *Robinson*, 567 F.Supp.2d at 1147. The Court held, in the alternative, that, even assuming that the American Independent Party had standing, the claim was unripe. *Id.* (citing *Texas v. United States*, 523 U.S. 296, 300–02, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998)).

 Berg maintains that he has suffered damage to his reputation as a result of bringing this suit—he claims that he has been accused of being a racist by unnamed others. This "injury" is not attributed to the Defendants. Berg's assertion that he has been harmed because he has spent money on this lawsuit fails for the same reason; the Defendants' efforts to legally defend themselves cannot cause injury that gives rise to Article III standing or the doctrine would have no meaning. Berg's passing reference that he was injured because he was denied some "information concerning the qualifications of Obama" was made in a vacuum, providing this court with no basis to analyze the claim.

Berg asserts that the District Court erred in denying him standing under 18 U.S.C. § 1983 because of a lack of state action. State action is not one of the three elements of standing. *See Taliaferro*, 458 F.3d at 188. In any event, the District Court did not rely on a lack of state action to dismiss his case. *See* App. at 23–24 n. 14.

 Among the litany of Berg's claims is his argument that he was injured when the "President of the Senate failed to call for objections during the counting of the electoral votes from each state...." Appellant's Br. at 28. Berg supplies no factual basis for that assertion and we have

no idea if it is true, but, assuming it is, Berg has been no more injured by that omission than any other United States citizen. Berg alternatively argues that he has standing because his First Amendment rights were somehow violated when his political representatives failed to object to the electoral votes cast in Obama's favor, as he wished them to. That argument is frivolous. Berg's final claim that the District Court violated his due process rights by dismissing his case is equally frivolous.

 "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claims, and they must be dismissed." [6] *Taliaferro*, 458 F.3d at 188.

## III.

Because there is no case or controversy, we will affirm the District Court's order dismissing Berg's action.

---

**6.** Berg's arguments that the District Court ignored some of his voluminous motions and other pleadings not only suffer from fatal defects in their reasoning, but are irrelevant. If a District Court does not have subject matter jurisdiction, it must dismiss.